OPINION OF THE COURT
Joseph D. Mintz, J.
Plaintiff moves for amendment of his complaint to allow him to plead a claim for punitive damages. Defendant opposes this motion on the grounds that the Federal Employers’ Liability Act (US Code, tit 45, § 51 et seq. [F.E.L.A.]) upon which plaintiff’s cause of action is based does not permit a claim for punitive damages. Both parties agree that the act itself neither expressly provides for this relief nor expressly prohibits it; thus, the determination of this issue turns on the intent of the act and any judicial interpretation thereunder.
The F.E.L.A. sets forth two separate causes of action: one for personal injury and one for wrongful death. Plaintiff’s cause of action is only for personal injury. The distinction between these causes of action may be significant, as the vast majority of judicial decisions regarding the question of the allowance of punitive damages under the F.E.L.A. have been in cases for wrongful death. It is plaintiff’s position (1) that those cases are inapplicable to personal injury actions and that (2) the better view is that a plaintiff should be allowed to recover punitive damages where the facts warrant it. This court acknowledges that cases involving wrongful death claims do not control a case involving a personal injury claim, and that such cases are applicable only to the extent that the reasoning of those deci *570 sions may be appropriate to the instant case. However, it is important to note that judicial authorities are unanimous that punitive damages are unavailable in wrongful death claims. Therefore, plaintiff’s motion can be granted only upon a determination that the reasons for the unavailability of punitive damages in wrongful death cases, which this court has no reason to doubt, are inapplicable to cases involving personal injury claims.
Plaintiff argues that the cause of action under the F.E.L.A. for personal injuries is a codification of a common-law action as contrasted to the wrongful death claim which is clearly a statutory creation. Furthermore, plaintiff argues, the intent of the Legislature in enacting the F.E.L.A., as manifested in the committee’s report accompanying the 1910 amendments to the legislation, was to preserve common-law remedies. It should be noted that any judicial determination with regard to this issue in personal injury claims have been either dicta (e.g., Kozar v Chesapeake & Ohio Ry. Co., 449 F2d 1238), blind adherence to the dicta of Kozar (e.g., Higbee v Baker, US Dist Ct, SDNY, March 9, 1973), or unclear as to the reason for dismissal of the punitive damage claim (e.g., Walsh v Consolidated Rail Corp., WDNY, Nov. 3, 1982).
As to the first argument, the personal injury cause of action, based on negligence, may be grounded in common law, but the rights under the F.E.L.A. are not simply a codification of common law. The act placed several restrictions on the defenses available to the employer, and by its legislative history was meant to “extend and enlarge” an employee’s rights. (Senate Judiciary Committee’s report on 1910 amdts to Federal Employers’ Liability Act, 45 Cong Rec 4044 [hereinafter Committee Report].) Thus, the statute did create a new cause of action for personal injury as well as for wrongful death. Therefore, the stricter reading of the delineation of rights and remedies under the statute that the courts have applied to causes of action created by statute is in order.
Nonetheless, the effect of the Committee Report must be considered. That report stated “No purpose or intent on the part of Congress can be found to limit or to take away from such an employee any right theretofore existing by which *571 such employees were entitled to a more extended remedy than that conferred upon them by the act.” (Committee Report, 45 Cong Rec 4044.) In Kozar v Chesapeake & Ohio Ry. Co. (supra, p 1240), the court interpreted “remedy” in a manner not to include damages theories, in determining that the legislative history did not indicate the allowance of punitive damages. Although that determination was based on strict interpretation and definition of the terms involved, which may have been beyond the Senate committee in formulating its report, the determination is a sound one. The inclusion of punitive damages under F.E.L.A. is a subject best left to the Legislature which created the causes of action enumerated in that statute. Their legislative silence over the years both in the statute or in legislative history on the subject of damages theory can only be viewed as foreclosing any basis for punitive damages. It would be inappropriate to judicially create a right to a particular damage theory for a statutorily created cause of action. Absent any Congressional action, it can only be determined that punitive damages are inappropriate to the cause of action under F.É.L.A.
For the foregoing reasons, plaintiff’s motion is denied with prejudice.